UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08-CR-94 (JCH) (FRB) |
| | ) | |
| CANDIDO NUNEZ-MACIAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

The Matter is before the Court on the Government's Motion for Complex Case Finding and Exclusion of Time from Speedy Trial Calculation (Doc. No. 224), filed June 23, 2008.

The Speedy Trial Act, 18 U.S.C. § 3161 et seq. ("Act"), requires the Court to begin a criminal trial within seventy days after a defendant is indicted or makes an initial appearance. 18 U.S.C. § 3161(c)(1). The Act, however, contains a detailed list of periods of delay that are excluded when computing the time within which a trial must start. See id. at § 3161(h). One exclusion is for "any period of delay resulting from a continuance" granted "on the basis of ... findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. at § 3161(h)(8)(A). Furthermore, the Court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. When determining whether to grant this continuance, the Court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

1

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. ...

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Id. at § 3161(h)(8)(B)(i)-(iv). Finally, the Act provides that "general congestion of the court's calender" and "lack of diligent preparation" by the Government cannot support an "ends of justice" continuance. Id. at § 3161(h)(8)(C).

After considering the relevant § 3161(h)(8)(B) factors, the Court finds that the ends of justice served by granting a continuance outweigh both Defendants' and the public's interest in a speedy trial. Specifically, this case's complexity makes it unreasonable to expect that the parties will be prepared to present their cases within the statutory times limits. The case involves a drug trafficking conspiracy involving fourteen defendants. The indictment alleges twenty-two acts committed in furtherance of this conspiracy. The discovery in this case is particularly complex due to the Government's almost two year investigation into the conspiracy. As part of this investigation, the Government wiretapped four different telephones, which led to thousands of hours of recorded calls. Moreover, the extension of time ensures advances the Defendants' interest in receiving effective assistance of counsel and the public's interest in a fair criminal justice system. See 18 U.S.C. § 3161(h)(8)(B)(iv). In sum, it is in the interest of the parties, the Court, and the public to grant a continuance.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Complex Case Finding and Exclusion of Time from Speedy Trial Calculation (Doc. No. 224) is **GRANTED** ,and the Court will not include the time period of May 23, 2008, when this issue was first raised in a status conference, to October 6, 2008, the present trial date, in its calculation of time under the Speedy Trial Act.

Dated this 23rd day of June, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE